[No. 9043.    Department Two.    February 7, 1911.]

Charley Craww, *Respondent*, v. Phoenix Logging Company, *Appellant*.[1]

Master and Servant—Negligence—Contributory Negligence— Signals and Warning—Question for Jury.  The negligence of the master and the contributory negligence of a swamper in a logging camp, who was struck while cutting a tree in the bight of the cable, is for the jury, where it was customary, in hauling in the logs to the landing, for the signalman to give notice by a blast of a whistle, thereby enabling the swamper to get out of the way of the cable, and instead of doing so, he gave the engineer a signal by hand.

Appeal from a judgment of the superior court for King county, Main, J., entered June 2, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a swamper in a logging camp. Affirmed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.
*Heber McHugh* and *John T. Casey*, for respondent.

Rudkin, J.—This was an action to recover damages for personal injuries.  The defendant company is engaged in the logging business, and at the time of receiving the injuries complained of, the plaintiff was in its employ as a swamper in one of its logging camps.  In the prosecution of its business

[1]Reported in 113 Pac. 266.

the defendant had constructed a railroad through the timber, and landings were built from place to place for the purpose of loading the logs onto the cars. On the 8th day of September, 1909, a logging crew, consisting of the engineer, the fireman, the hook tender, the assistant hook tender, the signalman, and the plaintiff as swamper, were engaged in hauling logs from the timber to one of these landings for the purpose of loading. The donkey engine was stationed near the landing, and the logs were hauled to the landing from the timber by means of a cable four or five hundred feet in length. The signalman was stationed near the cable, about 150 feet from the engine, and signaled the engineer to start and stop the engine, by means of a wire attached to the engine's whistle. When a log was attached to the cable out in the woods, the hook tender or his assistant would halloo to the signalman to go ahead, and the signalman would thereupon communicate the signal to the engineer by a single blast of the whistle. It was the duty of plaintiff as swamper to cut brush, trees, and other obstructions in the way of the logs whenever it became necessary, and there was at least one well-known danger incident to this work while the cable was in motion drawing a log to the landing. For at such times the cable will sway from side to side, and if it catches on a snag or other obstruction it will form what is commonly called a bight in the line, and if the obstruction yields or gives way the line will straighten and cause serious injury to any person who may happen within it reach. At the time of receiving the injury complained of, the plaintiff was in the act of cutting a small tree within about three feet of the cable and got within the bight of the line, when the line straightened, striking him in the side and causing the injury complained of. From a judgment in favor of the plaintiff, the defendant has prosecuted this appeal.

The principal assignment of error is based on a denial of a challenge to the legal sufficiency of the testimony, and the

denial of a motion for judgment notwithstanding the verdict, on the ground that the testimony failed to show actionable negligence on the part of the appellant, and on the further ground of contributory negligence and assumption of risk on the part of the respondent. A correct determination of these rulings depends upon the solution of a single question. If it was the duty of the respondent to look out for his own safety, and if he had no right to rely on the signals given by the signalman to start and stop the engine, he was clearly guilty of contributory negligence or assumed the risk in getting within the bight of the line while the cable was in motion. If, on the other hand, the respondent had a right to rely on such signals for his protection, and the engine was started without the usual and customary signal, which is the negligence charged in the complaint, we think a right of action was shown, for on these questions there was a direct conflict in the testimony. The testimony shows quite satisfactorily that it was the custom to start the engine only after the whistle was sounded, and that it was started in this instance by the signalman simply raising his hand. There was not only negative testimony tending to show that no whistle was sounded, but direct and affirmative testimony that the signal was given by the hand as indicated. For these reasons there was no error in the rulings complained of.

The appellant contends that the respondent saw the cable in motion immediately before his injury, and that a further signal would not avail him, but we are not prepared to say that such was the case. The respondent is a foreigner, with a very imperfect understanding of the English language, and testified through an interpreter. For this reason mistakes and apparent conflicts in his testimony should not be construed too strongly against him. A careful examination of his entire testimony convinces us that the jury were warranted in finding that the failure to sound the whistle before starting the engine was the proximate cause of the accident, that such act constituted negligence on the

part of the master, and that the respondent was not guilty of contributory negligence and did not assume the risk of dangers arising from the neglect of the master.

Many errors are assigned in the giving and refusing of instructions, but it seems to us that the simple issue in the case was fully covered by the charge of the court as given, and that the substantial rights of the appellant were safeguarded and protected. The judgment is therefore affirmed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.